IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MURRAY LEON SMITH,

    Petitioner,

v.                                             Civil Action No. 3:11CV70

BUREAU OF PRISONS, et al.,

    Respondents.

**MEMORANDUM OPINION**

Murray Leon Smith, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus. By Memorandum Order entered on June 21, 2011, the Court informed Smith that it appeared he was challenging a 2006 conviction which he did not appeal.[1] Smith contended that he was not required to satisfy the statute of limitations because:

> This instant petition is one of post conviction concerning exclusive remedy via ones private administrative process. From the initial administrative procedure April 17 2009. To the December 8 2010 administrative procedure. This is all for 1 cause.

---

[1] According to Smith, Smith is challenging his conviction in Spotsylvania County Circuit Court for "indecent liberties" in which Smith was sentenced on September 25, 2006. (§ 2254 Pet. (Docket No. 5), at 2.) Because Smith did not appeal, Smith's conviction became final for purposes of determining the statute of limitations on the day on which Smith's time for seeking direct review expired. 28 U.S.C. § 2244(d)(1)(A). Smith's time for seeking direct review expired on Wednesday, October 25, thirty days after his conviction was entered. O'Donnell v. Virginia, No. 3:08-CV-18, 2008 WL 3166515, at *2 (E.D. Va. Aug. 5, 2008). Smith had one year from that date to file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). Smith, however, filed his petition in January 2011.

> Under the Administrative Procedure Act, private administrative processes are not time bared [sic].

(§ 2254 Pet. (Docket No. 5) ¶ 18 (capitalization corrected).) The Court ordered Smith to show cause, within eleven (11) days of the date of entry of the June 21, 2011 Memorandum Order, why the action should not be dismissed for violation of the statute of limitations.[2]

Smith filed a document purporting to show cause for violating the statute of limitations. His response is an incoherent list of case-law quotations and nonsense. For example, Smith asserts, "The government agency for 'Murray-Leon-Smith' is: 'MURRAY LEON SMITH.'" (Show Cause (Docket No. 9), at 2.) Smith also insists that the United States Government's use of italics refers to the name of a vessel.

Smith has not shown adequate cause for not dismissing this action for violating the one-year statute of limitations for actions arising under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). Accordingly, Smith's petition for a writ of habeas corpus will be DENIED as untimely. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

---

[2] A Court may raise the statute of limitations sua sponte. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Smith is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

The Clerk is directed to send a copy of the Memorandum Opinion to Smith.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 25, 2011
Richmond, Virginia

3